UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| DOUGLAS ROBERT GORDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV612-059 |
| | ) | |
| MARTHA ISABEL GORDY; | ) | |
| APRIL RHINER STAFFORD; and | ) | |
| WILLIAM E. WOODRUM, JR., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Relying on *Turner v. Rogers*, ___ U.S. ___, 131 S.Ct. 2507 (2011) and proceeding *pro se*, Douglas Robert Gordy has filed a civil rights complaint (the Court presumes he brings it under 42 U.S.C. § 1983) against what appears to be his ex-wife, her lawyer, and the state court judge who are allegedly "conspiring" to wrongfully subject him to civil contempt for failing to pay some sort of support (e.g., child support). Doc. 1. He also moves for leave to file his case *in forma pauperis*. Doc. 2. In that Gordy lives only on Social Security Disability income and cannot keep up with his monthly living expenses, docs. 2-1 & 2-2, the Court **GRANTS** his IFP motion. Doc. 2.

Screening his case,[1] and construing his pleadings liberally,[2] the Court concludes that it should not be allowed to proceed because it does not meet Fed. R. Civ. P. 8's pleading standards and, therefore, is subject to dismissal under Fed. R. Civ. P. 12(b)(6) and *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (applying 12(b)(6) dismissal standards). *See Williams v. Brown*, 347 F. App'x 429, 434-35 (11th Cir. 2009). Gordy, who evidently has appealed to the Georgia Supreme Court from the state court

---

[1] The right to proceed IFP in the federal district courts is governed by 28 U.S.C. § 1915. Litigants ordinarily are not entitled as of right to proceed without the prepayment of a filing fee. IFP status thus is a legislated privilege which may be denied when abused. The IFP statute authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). The power to dismiss IFP cases *sua sponte* "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[2] As the Eleventh Circuit has explained:

> *Pro se* pleadings must be liberally construed, though the courts may not serve as de facto counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), as *recognized by Randall v. Scott*, 610 F.3d 701, 705-06 (11th Cir. 2010).

*Sctry, Fla. Dep't of Corrs. v. Baker*, 406 F. App'x 416, 421 (11th Cir. 2010).

proceedings of which he complains, *see Gordy v. Gordy*, S12C1738 (Appeal Docketed Jul. 9, 2012), and who also has invoked bankruptcy, doc. 1 at 7, wants this Court to enjoin defendant Judge William E. Woodrum, Jr. from enforcing any civil contempt motions against him. Doc. 1 at 4. He seeks punitive damages against defendant Martha Gordy (presumably his wife or ex-wife) and April R. Stafford, her attorney (he'd also like her disbarred). And, he wants punitive damages from the both of them. *Id.* at 4-5.

But Gordy at best has alleged a series of conclusory claims -- a fatal defect. "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949; *see Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). He also is improperly asking this Court to interfere with a state court proceeding (his request to enjoin the state judge named as a defendant here), by relying on the Supreme Court's recent opinion *Turner*. *See Castanias v. Lipton*, 2012 WL 1391921 at * 6 (S.D. Ohio Apr. 20, 2012)

(applying *Rooker–Feldman* doctrine[3] and collateral estoppel in advising dismissal of § 1983 case brought by *pro se* plaintiff subjected to contempt in state court for failure to pay child support).

*Turner*, which was not even a § 1983 action, does not assist him. The issue there was "whether the Fourteenth Amendment's Due Process Clause requires the State to provide counsel (at a civil contempt hearing) to an indigent person potentially faced with such incarceration." 131 S. Ct. at 2512. The Court held, with some qualifiers, that the Due Process Clause does not automatically require a state to provide counsel at civil contempt proceedings to an indigent noncustodial parent who is subject to a child support order, even if that individual faces incarceration. *Id.*

---

[3] That doctrine applies to cases brought by parties who have lost in state court "complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005); *see also Pandey v. Russell*, 445 F. App'x 56, 59 (10th Cir. 2011) (district court lacked jurisdiction under Rooker–Feldman to consider validity of state court judgment dissolving husband's marriage and related child support orders); *Fortune v. Domestic Relations York Cty*, 440 F. App'x 58, 59 (3rd Cir. 2011) (under *Rooker- Feldman* doctrine, district court lacked jurisdiction over plaintiff's § 1983 action against state-court judge, county domestic relations office, and others, even if plaintiff was disabled veteran, where action arose out of state-court order relating to plaintiff's failure to pay child support, which allegedly resulted in plaintiff's wrongful incarceration and in money being taken from plaintiff's bank account to satisfy the child support arrearage).

n/a
n

n

n

at 2519-20. *Turner* supplies no foundational support for Gordy's § 1983 action here, which is plainly aimed at using this Court to jam up a state court, domestic relations case.

In short, this case is frivolous and is not likely to be salvaged by re-pleading it.[4] It therefore must be **DISMISSED WITH PREJUDICE.**

**SO REPORTED AND RECOMMENDED** this 20TH day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (*pro se* IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief).